Ms. Clark, would you call the next case? 11-3495 Zimmerman Law Offices v. American Nationwide Bancorp Okay, if you both step up, please. Identify yourselves for the record. Good morning. Andrea Duran on behalf of the defendant appellant. Good morning. Adam Tamberelli on behalf of the plaintiff appellee. All right. Thank you. Please proceed. Good morning, Justices. This appeal is based on a post-judgment motion of the defendant appellant to quash service on the corporation. The motion was denied by the court on November 3, 2011, and the appeal was filed with this court. First of all, the basic argument in this matter is that the service was improper as it was not served on the actual agent as registered by the State of Illinois. Is that required? It is required. Where is it stated it's required? It is required.  You can serve the agent. You can serve a corporate officer or somebody that is authorized by the corporation itself. The purpose of registering with the State is to register a person in particular to be that authorized person. The authorized person that was selected by the corporation in this matter was Anthony Rabiola, as reflected by the Secretary of State's registry. The service that was had was actually on another person, a person by the last name of Lavelle. On the service, there's initials AP. If the writ served on Jim Lavelle, it's AP. Do you know what AP stands for? We'll assume that it's authorized person, but the question here is who authorized this person? Well, don't you have the burden then to come forward to make a determination on that? Well, in fact, we did, Your Honor. In our motion, we submitted an affidavit by Aurora de Leon, who is the sole owner of the corporation, indicating that the person that was authorized by the corporation was, in fact, only Anthony Rabiola, that she has no idea who Jim Lavelle was, that she did not. Could Mr. Rabiola have authorized somebody in his office to accept service, for example, is authorized people that you don't, you know, they're not a specific person that accepts. There's several people that have been authorized that sit there. There's usually somebody at the front desk that may be authorized to accept. Right, but CT Corporation was the authorized registration. In this case, it was an individual that was the authorization. It was Anthony Rabiola. And in this case, if anybody else was to be considered an authorized person, that person would have to have been authorized by the corporation, not by the authorized agent, the agent for service. Well, if you designate an agent of the corporation and you go to that registered agent's office, and he has a secretary, right? Correct. Typically, the process server will walk in, say, I have a summons for Joblo Corporation. Mr. Rabiola is the registered agent. Here is the summons, right? Couldn't Mr. Rabiola say my secretary is authorized to accept those processes? And could he? Well, of course he could. Right. So who would be in a better position to inform the court as to whether Mr. Rabiola designated Mr. Lavelle to be an authorized agent of him to accept service, he or the owner of the ultimate corporation? So you have an affidavit that says the owner of the corporation said, I gave Rabiola authority to be my registered agent. I don't know who Lavelle is. That doesn't really answer the question of whether Rabiola, the authorized agent, could designate Lavelle as an agent of his to accept service. Well, I think that would be an appropriate conclusion. If it was for personal service on Anthony Rabiola, then he can authorize anybody that he wants to accept service on his behalf. CT Corporation is a registered agent for thousands of corporations, right? We all know that. Yes. So the sheriff's office goes there regularly and drops off piles of summonses for hundreds of corporations saying we're serving your registered agent these summonses, these complaints. And I would agree in that particular instance where the authorized agent is a corporation, but that is not the case in this matter. It was a specific person that was authorized to accept service by the corporation. This is Anthony Rabiola. This is not Anthony Rabiola's corporation. But the statute says it can be an authorized person, right? It doesn't say it has to be authorized by the corporation. It says an authorized person. Your question we're presenting is you're saying it has to be authorized by the corporation. Where are you coming up with that? Rather than it could be an authorized person, it could be any authorized person, whoever authorized it, whether it's a registered agent or the corporation. I think that in the statute the inference is that the authorized person has to be authorized by the corporation. Well, how do you get that inference? The statute has a comma. Is it a registered agent, authorized person, or partner of the defendant corporation? The statute, 52-204, what it says specifically is that the private corporation can be served by leaving a copy of the process with his registered agent or officer or agent of the corporation. So it doesn't say authorized agent of the authorized agent. So you read that to say that when you leave it with the registered agent, it has to be with the registered agent personally? It can't be left at his office? Yes. Yes, because in this case, I think there's a distinction between having CT as a registered agent, which is a corporation, and an individual, Anthony Raviola, this person in particular was listed as their registered agent. What about since you do have the burden, you've acknowledged that, since the affidavit of service indicates that he's authorized and the court was given an affidavit from the corporation, there was no affidavit from Mr. Raviola that he didn't authorize. So have you met your burden? Why should the court conclude you've met your burden when there's a clear gap in the affidavit that you provide? I think that the affidavit by the sole corporate officer is sufficient, that she does not know who this person is and she did not authorize that. I think the fact that it was also unrebutted at the trial is also sufficient. We don't know what happens if there's no transcript. And there was no trial, there was a hearing. At the hearing, at the trial level. But you don't need to necessarily rebut it when there's a gaping hole, there could have been an argument, and because there's no record, any basis that we can find that would uphold the court's ruling would be sufficient. And why couldn't we just rule that, you know, since you didn't rebut that Mr. Raviola did not state that this was an unauthorized person, the court could have found that the service was appropriate. We did not speak directly with Mr. Raviola, but I believe that the corporate officer's affidavit is sufficient. Corporate officer. Well, I mean, that's the question. I guess it begs the question because, so what you're saying is, I mean, there was no evidence offered at the hearing that indicate whether or not this individual might have been authorized by Mr. Raviola to accept a service that might come to him as a registered agent. Right, but I don't, I think even if Mr. Raviola said, Mr. Lavelle, you're authorized to accept service on my behalf, I don't think that we can take the necessary steps to say that as the individual registered agent, that he had the authority to do so. The person that was authorized to accept service on the corporation's behalf was Anthony Raviola, not Anthony Raviola, if you can't be there, somebody else, whoever you allow in your office to get that correspondence. So if I follow you, what you're saying the law to be is that at any time, if a registered agent authorizes someone to accept service on behalf of the registered agent, that is never sufficient. Isn't that what you just said? That would never be sufficient so that you have to only serve the registered agent and no third party because the registered agent is incapable under the law of authorizing a third person to accept service in his or her place. I think under limited exception, yes. Where is the statute, where is the case law that would say that? Do you have any support? I think that case law has very frequently indicated that unless this person is a stakeholder or somebody that was a responsible agent of, and most of this is through corporations, in this case we're dealing with the service end of a corporation being an individual registered agent. But I think case law, I think, for example, Nat V. Bullen has indicated that if you serve a secretary, it's not sufficient to serve a corporation. So at a law firm, law firms are law firms, and they are frequently an individual at the law firm being a registered agent, not the law firm itself. Correct. So if an individual at the law firm is a registered agent and the service is on the secretary at the front desk, even though the lawyer says he or she is authorized to accept service, that's not sufficient. So it can always be attacked as being insufficient. I do believe it can always be attacked. If the individual person that is listed as a registered agent is not served, I think that it can be attacked because then there goes the argument of whether or not that person that was served is an appropriate person if they are the person that is sufficiently responsible to make sure that that document arrives to the person that it necessarily has to arrive to. I agree with that. But that's where your affidavit comes into play, to show that the individual here that was served was appropriate or inappropriate. And all you've done is shown us one side, that is, the corporation side. You haven't shown, really, the more relevant side, and that is, for Mr. Robiola, it's silent. And if you had put in an affidavit that he says he doesn't know this person, doesn't work in his office, never authorized him, now there's a real question. And, you know, maybe they'd have to take it. Maybe there would be a hearing of evidence or some counter, or they'd take a deposition. But they could argue now, because there wasn't such an affidavit, could they argue that you haven't met your burden? Well, Your Honor, I think that's something that they should have argued at the trial court, and they were responsible to do so, and they did not. We don't know if we did or didn't, but we don't have a transcript. Well, both my brief and counsel's brief indicated that there was no evidence heard, there was no discovery done. Obviously, my brief alleges that counsel did not want to do so. But I do believe that since our motion at the trial court level was set specifically to establish the prima facie evidence, assuming that we would have actually briefed it, and we would have had discovery and we would have done all of these things, I think that it's a harsh position to say that because the opposing counsel didn't want to do that, that now I don't have that evidence in front of me because it wasn't of record in the underlying court. But it's your burden. So the fact is they can argue to the judge. They don't need to come up with any further evidence, because they could have argued and we could find, because there's no record, just any basis that the court could have found that this individual says on the affidavit of service is an authorized person. Authorized person being somebody who's authorized by Mr. Robiola. And since there's no evidence contrary to that, because it's not in the affidavit, the court could have very easily found that you hadn't met your birth. And it's hard to say what the court could have done and what the court should have done, because obviously there is no record. It was presented and heard in Stanter. And the court didn't issue... Did you have a hearing on it? Actually, I asked for a briefing schedule and opposing counsel said, no, we want to hear it immediately. Not a briefing schedule, a hearing. Did you say, judge, I want to bring in the owner of the corporation, I want to bring in Mr. Robiola, Robiola, whatever his name is. Did you say, I want sworn testimony to say that what this sheriff did or this deputy did was ineffective to confer jurisdiction... Well, we requested a briefing schedule and a hearing. You had a hearing. But there was... I don't know if you could call it that, quite frankly. Well, I guess you could. You presented your affidavit. I presented the motion and then the judge said, I've looked at everything and I'm denying your motion. So if you would consider that a hearing, I guess you could. But we did not have the opportunity to subpoena people, to get people in, because since it was up for presentation, that was not something that was anticipated for that day. So you're saying that this was her, you filed the motion with an affidavit. Correct. And when you went to court, the other side didn't file anything. Is that right? Well, correct. Because it was your first time up before the judge. It was the first time up before the judge, correct. The judge says, I've read everything and rules based upon just your filing. There may have been some argument or not, I don't know. Right. There was limited... Limited discussion. Discussion. Court rules without hearing from the other side as far as anything in writing. Correct. But there may have been some discussion. That is correct. Anything further? No. Thank you. Good morning. May it please the Court. As the Court has recognized and is clear under Illinois law, a sheriff's return of service is prima facie evidence of service which can be satisfied only by clear and satisfactory or clear and convincing evidence. What I just heard counsel say was that I'm prepared to go into a laundry list of the evidence and facts before the trial court in ruling on the motion and to clear up some... Is there anything else other than the affidavit? Evidence? Evidence. Well, at the hearing, it was an involved hearing. There was much more presented to the trial court, including that's set forth in our brief and I'm prepared to talk about today. The documents filed in the case of the Pierce Corporate Bail case against defendants and their operators, including Ms. DeLeon. There was other facts and circumstances made aware to the trial court judge regarding the credibility of Ms. DeLeon's affidavit, which essentially was what the trial court ruled upon in denying the motion for a hearing. It was not a simple, they presented their motion and asked for a briefing schedule and hearing. She said no and that was it. How do you pass on the credibility of an affidavit? Were there counter affidavits? Well, in court on the day the motion was presented, Mr. Zimmerman was in court. He had brought documents with him. No, not documents. Were there counter affidavits? There wasn't counter affidavits, but he... There was not? There were no counter affidavits filed. However, he presented testimony from himself regarding issues related to credibility of Ms. DeLeon as he and our firm was counsel to them in related cases. Was he under oath testimony? He was not under oath. No, it wasn't testimony. However, there was documents provided to the trial court for review showing all of this, all of these evidence. And the long and short of it was that what the trial court found, and the burden again was on the defendant to prove. And again, what I just heard the defendant say is we did not speak directly with Mr. Raviola. So they have a clear and convincing evidence that Mr. Lavelle was not an authorized person, yet they did not even speak with their registered agents to prove that Mr. Lavelle was an authorized person. And nothing in the affidavit or any other paper disputes the fact that the summons and complaint were served at the same address. So your argument was that the affidavit was insufficient in that the affiant said she didn't authorize Lavelle to accept service, she doesn't know who Lavelle is, leaving open the complete area of whether Lavelle was an authorized agent of Raviola or the registered agent. Excuse me. Excuse me. I think our argument is twofold. That is certainly one facet of it. Not only him, but the actual, which was demonstrated in the periods of corporate bail case, the actual owner and operator of the corporation was Aurora's son. And we were granted summary judgment eventually on that issue. But the second, the – How is that relevant to the question? Well, because if there was another person who was acting as the de facto owner and operator of a defendant corporation, he as well as Raviola could have authorized Mr. Lavelle to accept service. And the court was presented with that. But that was one facet of our argument. And our other facet is that the credibility of Ms. De Leon in and of itself, regardless of whether another person had authorized Mr. Lavelle, was suspect based on other factors aware to the trial court in this case. And that taken all together, the trial court made a clear decision that there was a burden of clear and convincing evidence to demonstrate that service was improper. And, in fact, the other circumstances, there was no testimony or evidence needed. The court could have taken judicial notice of the fact that this motion was not filed, the 1401 motion, petition, excuse me, was not filed until six months after Aurora in her affidavit of error that she learned about plans attempted to execute. There was a six-month lag in that before, excuse me, there was a ten-month lag there before she even filed her 1401 petition. In the interim, six months before the petition was filed, the Pierce of Corporate Bail case was filed and served. There's no question that that was properly served. And in that case, in the facts, in the documents, it showed that, you know, all of the facts surrounding this case, the judgment, the default, and even then for six months after the case was filed and was being actively litigated. That case was litigated. How does that relate to Lavelle and Robert Raviola, the four-judge appeal? Well, it just demonstrates, the lack of diligence demonstrates the, you know, it goes to the credibility and the weight to give to the affirmance in Ms. Dillon's affidavit. But you're right, it is a step back from the actual issue in this case, which I think was just conceded at oral argument. They did not speak to the registered agent. It's not that they didn't, she didn't say they didn't have an affidavit. She said they did not speak to the registered agent. But I guess the question then is, under the law, if I have a corporation and I have a registered agent, that's the person, or if it's a corporation, CT or whatever, to be served, here's somebody else to serve. So I guess the question comes down to can the registered agent and not the corporation identify an authorized person? And if you say, yes, they can, which I assume is what you're going to say, what case or what statute or rule do you rely on to say that? Well, I will admit that there's a dearth of case law on this subject. But as I believe all three of you recognize, if there's a corporation or a secretary, that has always been deemed valid service on a registered agent. And in the case of the key ---- There's an exception. I mean, it says you can serve an officer. So that's not a question. The question is, when there's a registered agent, can the registered agent then say, somebody else is okay to serve on my behalf instead of the registered agent directly? Well, I'm unaware of any actual case law statutory authority on that. But I believe the inference is contrary to what counsel represented in that the registered agent is an agent, appointed agent of the corporation. And as an appointed agent, they can authorize someone to accept service. That's ---- Right. But you don't have any law on that? I'm sorry, Judge. There's no law I'm aware of, and we have done an extensive search. But in your examples of the CT corporation or, you know, if his secretary, if there was any testimony that it was his secretary. And the case law is to the contrary on where representatives of corporations have been deemed insufficient to accept service. There has always been an affidavit of the person served as to the lack of involvement they have with that corporation or that they were not the agent or we had nothing to do. Here, there's not only an affidavit from Mr. LaBelle. There's not even an affidavit from the Mr. Rabiot, who was the authorized agent and is unquestionably in the same office as Mr. Rabiot. What you're saying is the affidavit begs the question. I mean, it still doesn't answer the issue that was before the court. And since the affidavit, they have the burden, the court can just reject the affidavit, whether it's credible or not, and rule it without having to get into the issues that we discussed. Certainly. Certainly. And one more thing I left out. There was also a secretary of the corporation, Jaime Rodriguez, who there's no affidavit that he didn't authorize Mr. LaBelle to accept service. It was just Ms. De Leon. Well, you could go down that road forever. It would really get to Rabiot saying, I am the registered agent. I didn't authorize LaBelle. And the absence of that affidavit would create the presumption that the service, the sheriff's service, the deputy's service, was accurate because the face of the return says, LaBelle, at this location, AP, authorized person. So that's the presumption that you're arguing that the affidavit that they submitted wasn't sufficient to overcome, to create a question of fact that the judge perhaps should have held a hearing and to determine whether service was effective. And all this other stuff that you're bringing up about subsequent notices and motions and deliveries and everything else really goes to the question of whether they were notified of the lawsuit in the first instance so that the purpose of service was effectuated, that they knew about this lawsuit. I would agree with that. And let me ask you a question. In your brief, you go out of your way to say that you filed a separate lawsuit to pierce corporate bail and that that was settled and that the principals in that lawsuit agreed to pay the fees that you sued for in this case. So why are we here? Well, because that was a global settlement. And this was actually litigated. It was what? That was a global settlement. Was the case settled? Yes. Did you receive your fees? We did. So why are we here? We are the appellee. I understand. Well, I'll tell you why. And this was a little bit convoluted and it was litigated actually in this court where there was a withdrawal, stipulation to withdraw the appeal. So if you succeed in when the appellant loses this appeal, where are we going? The case is over. The case is over already? Well, right. I mean, there's, I mean, it's. This is moot, isn't it? I think that the appellant's contention is that if they prevail on appeal, they will somehow attempt to recover the fees that were paid. It was somehow conditional, which is what we litigated. So there's a settlement? There's an order reflecting the terms of the settlement, yes. And the order carves out this appeal? We don't believe it does. And there was a stipulation to withdraw filed in this appeal. We put a lengthy brief as to, and then there was a withdrawal of the stipulation based upon a misunderstanding. And then on the appellant's end, and we submitted a lengthy brief as to we thought this was over. That was our intention in settling the other case. Yes. Briefs were filed in this case? Yes. And the withdrawal of stipulation by the appellant was granted. But we had thought, and we had thought that this was over. And that was the intention, was a global settlement in the Pierce Corporate Bail case. We collected the money. We were paid the money. And we filed the stipulation. We drafted, filed it. And then all of a sudden, a few days later, we got a motion to withdraw the stipulation. And then what happened at that moment? It was granted by this court. So if this court reversed the trial court and remanded it back to the circuit court, and the case was a lie, you as the plaintiff would dismiss the case because you have no case to pursue, because you've been paid your $18,000 in legal fees? Well, what I believe, I mean, the case, the judgment, there would be no actual, well, I guess that's true. I guess what the defendant would be seeking would be a minimization or somehow mitigation of the damages. You're the plaintiff. You control the case. Correct. You would not pursue the case, correct? Correct. Because you've been paid. Correct. So this lawsuit, Zimmerman v. American Nationwide, wouldn't exist because there's no pursuit of fees, correct? That's correct. Well, it's been nice knowing you. I thank the court for its time. Thank you. Do you have any further comments, ma'am? No. You don't want to comment on these? Do you disagree with the last portion of his representation? Why stand up to the mic? Can you explain why we're here? What do you accomplish if you are successful in this appeal? Well, if we're successful in the appeal, it could go one of two routes. Obviously, it would be, depending on Your Honor's decision, would be remanded or would be overturned. We would go back to the trial court and would probably file an immediate motion for the deposit of the fees to the court. Is there something in the agreement? Pardon? Is there something in the agreement? Well, the case was, essentially what happened is that there was a collection matter filed, and they filed on collection. If the case is, my understanding of how this would work is that if this case was remanded or if the judge's court was overturned, then the judgment that was issued in the matter would be vacated, and then my client would have the ability to request that those funds, based on payment towards the judgment, could be then paid to the court in trust based on the determination of the case once it's either been remanded or overturned. We have to start all over. When you settle the case, don't you waive all these issues? I would have to look at the settlement, but I don't think so. I don't think so. And I think in the alternative, my client also has the ability to file either their own complaint or a counter complaint based on the initial complaint file. Okay. Any questions? No. Anything else? No. Thank you very much. We'll be in touch.